APPLICATION OF THE ORANGE SAVINGS BANK FOR A BRANCH OFFICE TO BE LOCATED AT THE NORTHWEST CORNER OF ROONEY CIRCLE AND EXECUTIVE DRIVE, ESSEX GREEN SHOPPING PLAZA, WEST ORANGE, NEW JERSEY.

MOUNTAIN RIDGE STATE BANK, LLEWELLYN-EDISON SAVINGS AND LOAN ASSOCIATION AND WEST ORANGE SAVINGS AND LOAN ASSOCIATION, OBJECTORS-APPELLANTS, AND ESSEX COUNTY STATE BANK, ALSO REFERRED TO AS THE ESSEX BANK, OBJECTOR-RESPONDENT, v. ANGELO R. BIANCHI, COMMISSIONER OF BANKING OF NEW JERSEY AND ORANGE SAVINGS BANK, RESPONDENTS.

**Superior Court of New Jersey**
Appellate Division

Argued October 30, 1979—Decided February 6, 1980.

278

Before Judges CRANE, MILMED and KING.

*Joel L. Shain* argued the cause for objectors-appellants (*Greenwood, Weiss & Shain*, attorneys; *Joel L. Shain* and *Marguerite M. Schaffer*, on the brief).

*E. Robert Levy* argued the cause for Essex County State Bank, objector-respondent (*Harkavy, Goldman, Goldman, Caprio & Levy*, attorneys; *E. Robert Levy* on the letter brief).

*John A. Boyd* argued the cause for applicant-respondent (*Murray & Boyd*, attorneys; *John A. Boyd* on the briefs).

*Mark S. Rattner*, Deputy Attorney General, argued the cause for respondent Commissioner of Banking (*John J. Degnan*, Attorney General of New Jersey, attorney; *Erminie L. Conley*, Assistant Attorney General, of counsel; *Mark S. Rattner*, Deputy Attorney General, on the briefs).

The opinion of the court was delivered by

MILMED, J. A. D.

The applicant, Orange Savings Bank, applied to the Department of Banking (Department) for approval to open a full service branch office to be located in Essex Green Shopping Plaza, West Orange. Objections to the application were interposed and requests for a formal hearing were made by Mountain Ridge State Bank, Llewellyn-Edison Savings and Loan Association, West Orange Savings and Loan Association, (appellants), and Essex County State Bank. The requests for a formal hearing were granted and a hearing was scheduled before a Department hearing officer. The objectors-appellants applied to the Commissioner of Banking (Commissioner) to have the case either transferred to the Office of Administrative Law or heard by the Commissioner personally.[1] The Commissioner de-

---

[1] Counsel for the fourth objector, Essex County State Bank (the Essex Bank), objected to having the hearing conducted by an administrative law judge.

nied the request and we granted appellants' motion for leave to appeal from the denial and stayed the Department's scheduled hearing.

*N.J.S.A.* 17:9A 20, part of the Banking Act of 1948 as amended, reads in pertinent part as follows:

A. Before any full branch office shall be established, except those branches established pursuant to paragraph (1) of subsection B. of section 19, the bank or savings bank shall file written application in the department for the commissioner's approval thereof. If, after such investigation or hearings, or both, as the commissioner may determine to be advisable, he shall find:

(1) That the bank or savings bank has complied with the requirements of section 19;

(2) That the interests of the public will be served to advantage by the establishment of such full branch office; and

(3) That conditions in the locality in which the proposed full branch office is to be established afford reasonable promise of successful operation; the commissioner shall, within 90 days after the filing of the application, approve such application.

We note here that subsection (B) of the same section, relating to any application by a bank or savings bank for the establishment of a minibranch office, provides that "[t]here shall be no hearing required to be held by the commissioner in connection with such application." Also, subsection (C) of *N.J.S.A.* 17:9A 20, relating to any application by a bank or savings bank for the establishment of a communication terminal branch office, provides that "[n]o hearing shall be held by the commissioner in connection with such application."

Appellants contend, in essence, that since the Commissioner has decided that a formal hearing is to be held on the full branch office application, the hearing is to be conducted as in a "contested case" in accordance with the applicable provisions of the Administrative Procedure Act, *L.* 1968, *c.* 410, *N.J.S.A.* 52:14B 1 *et seq.*, as amended and supplemented by the legislation establishing the Office of Administrative Law, *L.* 1978, *c.* 67, *N.J.S.A.* 52:14F 1, *et seq.* We agree.

*N.J.S.A.* 52:14B 2(b) defines the term "[c]ontested case" to mean

.  .    a proceeding, including any licensing proceeding, in which the legal rights, duties, obligations, privileges, benefits or other legal relations of specific parties are required by constitutional right or by statute to be determined by an agency by decisions, determinations, or orders, addressed to them or disposing of their interests, after opportunity for an agency hearing.

And *N.J.S.A.* 52:14B 10, as amended, provides in subsection (c), in pertinent part, that:

All hearings of a State agency required to be conducted as a contested case under this act[2] or any other law shall be conducted by an administrative law judge assigned by the Director of the Office of Administrative Law, except as provided by this amendatory and supplementary act.[3]

Additionally, the legislation establishing the Office of Administrative Law provides, in pertinent part:

*N.J.S.A.* 52:14F 5.   The Director of the Office of Administrative Law shall:

.        .        .        .        .        .        .        .

e.   Develop uniform standards, rules of evidence, and procedures, including but not limited to standards for determining whether a summary or plenary hearing should be held to regulate the conduct of contested cases and the rendering of administrative adjudications;

f.   Promulgate and enforce such rules for the prompt implementation and coordinated administration of the Administrative Procedure Act, P.L. 1968, c. 410 (C. 52:14B 1 et seq.) as may be required or appropriate;

g.   Administer and supervise the procedures relating to the conduct of contested cases and the making of administrative adjudications, as defined by section 2 of P.L. 1968, c. 410 (C. 52:14B 2);

h.   Advise agencies concerning their obligations under the Administrative Procedure Act, subject to the provisions of subsections b. and e. of section 4 of P.L. 1744, c. 20 (C. 52:17A 4b and 4e);

---

[2]The Administrative Procedure Act, *N.J.S.A.* 52:14B 1 *et seq.*

[3]*L.* 1978, *c.* 67, the act establishing the Office of Administrative Law.

．　　　．　　　．　　　．　　　．　　　．　　　．　　　．

n. Assign an administrative law judge to any agency empowered to conduct contested cases to preside over such proceedings in contested cases as are required by sections 9 and 10 of P.L. 1968, c. 410 (C. 52:14B 9 and 52:14B 10);

．　　　．　　　．　　　．　　　．　　　．　　　．　　　．

*N.J.S.A.* 52:14F-6.

a. Administrative law judges shall be assigned by the director from the office to an agency to preside over contested cases in accordance with the special expertise of the administrative law judge;

b. A person who is not an employee of the office may be specially appointed and assigned by the director to an agency to preside over a specific contested case, if the director certifies in writing the reasons why the character of the case requires utilization of a different procedure for assigning administrative law judges than is established by this amendatory and supplementary act.
*N.J.S.A.* 52:14F-7.

a. Nothing in this amendatory and supplementary act shall be construed to deprive the head of any agency of the authority pursuant to section 10 of P.L. 1968, c. 410 (C. 52:14B-10) to determine whether a case is contested or to adopt, reject or modify the findings of fact and conclusions of law of any administrative law judge.

．　　　．　　　．　　　．　　　．　　　．　　　．　　　．

*N.J.S.A.* 52:14F-8.

Unless a specific request is made by the agency, no administrative law judge shall be assigned by the director to hear contested cases with respect to:

．　　　．　　　．　　　．　　　．　　　．　　　．　　　．

b. Any matter where the head of the agency, a commissioner or several commissioners, are required to conduct, or determine to conduct the hearing directly and individually.

■■■■■ Regulations adopted by the Commissioner pursuant to authority provided by *N.J.S.A.* 17:1 8.1 [4] prescribe the conditions prerequisite to the granting of requests for hearings on full branch applications. Thus, *N.J.A.C.* 3:1 2.5(a) provides that:

---

[4]The regulations of the Commissioner referred to herein are comprised within *N.J.A.C.* 3:1–2.1 *et seq.*, effective August 13, 1970, as revised.

The department may grant a hearing request on a full branch application, a section 25 or section 27 association branch or relocation only if:

1.  The objector requesting the hearing has filed an objection, comprehensive objection and hearing request; and

2.  The objector requesting the hearing has presented reasons which indicate that a hearing is necessary and warranted.

Once, as here, the Commissioner determines that a hearing on a full branch office application is "advisable," [5] *N.J.S.A.* 17:9A 20(A), the trial-type procedure which he has, by regulations, prescribed, culminating in his final determination on the application, is, in the main, substantially the same as that which applies to a "contested case" under the Administrative Procedure Act. We note particularly the following:

(1) The Department of Banking is one of the state agencies governed by the provisions of the Administrative Procedure Act. *N.J.S.A.* 52:14B 2(a).

(2) Unless the Commissioner of Banking decides "to conduct the hearing [of a contested case] directly and individually," an administrative law judge is required to be assigned by the Director of the Office of Administrative Law to hear the case. *N.J.S.A.* 52:14F 8(b); *N.J.S.A.* 52:14F 5(n).

(3) The parties are required to be given notice: of the "date, time, place and nature of the hearing; of the legal authority and jurisdiction under which the hearing is to be held; of the

---

[5]Following oral argument on this appeal the Attorney General informed us by letter that (1) he was advised by the Department "that there is not a written document from the Commissioner to his subordinates instructing that the hearing request [in the matter of the Orange Savings Bank's branch application] be granted"; but that (2) the Department, by letter, had initially advised the parties that a hearing in the matter would be held. In the circumstances, we must assume that the determination to have the hearing was properly arrived at pursuant to *N.J.S.A.* 17:9A 20 and *N.J.A.C.* 3:1 2.5. We note that the hearing date has been rescheduled several times.

particular sections of the statutes and rules involved; and of the matters asserted or issues involved." *N.J.A.C.* 3:1 2.8(a). For comparable provisions in the Administrative Procedure Act, see *N.J.S.A.* 52:14B 9(a) and (b).

(4) The parties are required to be given "an opportunity to be heard, to introduce exhibits in evidence and to present and cross-examine witnesses." *N.J.A.C.* 3:1 2.13(a). For comparable provisions in the Administrative Procedure Act, see *N.J.S.A.* 52:14B ·9(c) and 52:14B 10(a).

(5) The hearing officer is required to submit to the Commissioner, and to the parties who participate in the hearing, "a written report of his findings and conclusions  .  .  .  together with a recommendation as to the disposition of the matter, unless the commissioner directs otherwise." *N.J.A.C.* 3:1 2.15 and 3:1 ·2.16. Compare, *N.J.S.A.* 52:14B 10(c).

(6) Exceptions and replies to exceptions are permitted to be filed with the Commissioner by the parties to the hearing. *N.J.A.C.* 3:1 2.16. For comparable provisions in the Administrative Procedure Act, see *N.J.S.A.* 52:14B 10(c).

(7) Thereafter, the Commissioner "shall issue a final determination adopting, modifying or rejecting the report and recommendation. This action by the commissioner shall constitute the final determination by the department in the matter." *N.J.A.C.* 3:1·-2.17. For comparable provisions in the Administrative Procedure Act, see *N.J.S.A.* 52:14B 10(d) and (e).

The objector banks play an important role in the entire branch application proceedings. As Chief Justice Vanderbilt observed in his opinion for a majority of the Supreme Court in *Elizabeth Federal S. & L. Ass'n v. Howell,* 24 *N.J.* 488 (1957):[6]

---

[6]The case involved the granting of permission to a savings and loan association with a principal office in Roselle Park to establish a branch office

But it may very well be that the establishment of a new branch at the location in question will substantially prejudice the existing banking institutions, with resulting adverse effects upon the public in general through other similar institutions in the area. For, if one banking institution should fail in the community as the result of an ill-advised burdening of the existing competitive environment, other financial institutions do not continue unaffected. Some elements of public distrust and lack of faith are inevitably transmitted to them, cf. *Delaware County National Bank v. Campbell*, 378 Pa. 311, 106 A.2d 416 (Sup.Ct.1954). Many will still remember the unfortunate incidents attaching to the granting of some charters in the boom days of a quarter of a century ago. Competing banking institutions may be the only persons with sufficient private interest in harmony with the public concern for the safety of savings and bank deposits to bring the attention of the courts to errors of law in an administrative action granting a license to establish a branch contrary to the standards set by the statute delegating authority to so act. If such banking institutions do not have the necessary standing, who then is there who can or will challenge an administrative decision favorable to the applicant? Without standing in the appellants to invoke the power of judicial review, the Commissioner's action favorable to Colonial, right or wrong, proper or arbitrary, takes on a conclusive character to the possible great detriment of the people as a whole. [at 501 502]

Beyond this, we are satisfied that any doubt which may have existed before the adoption of *N.J.A.C.* 3:1 2.8(a), 3:1 2.13(a), 3:1 2.15 and 3:1 2.16 regarding the status of the objector banks in the proceeding,[7] has been effectively removed by the promulgation of these regulations. The objector banks in the matter now before us have the status of parties to the proceeding. We so hold. As such parties they are entitled to challenge, to the fullest extent possible, all of the aspects of the application.

---

in Elizabeth through the purchase of a building and loan association there and the moving of it to a substitute location in Elizabeth.

[7]See *Elizabeth Federal S. & L. Ass'n v. Howell, supra*, 24 *N.J.* at 505. The cited regulations were promulgated some 13 years after the decision in that case, and also after the decisions of this court in *First National Bank of Whippany v. Trust Co. of Morris Cty.*, 76 *N.J.Super.* 1 (App.Div.1962), and *In re Summit and Elizabeth Trust Co.*, 111 *N.J.Super.* 154 (App.Div.1970), relied upon heavily by respondents.

■ The proceeding on the branch bank application is judicial in nature, see *Elizabeth Federal S. & L. Ass'n v. Howell, supra*, 24 *N.J.* at 506, and the burden is cast upon the applicant bank to establish that the statutory requisites, *i. e.* those specified in *N.J.S.A.* 17:9A 20(A), have been met. *Application of Howard Savings Institution of Newark*, 32 *N.J.* 29, 40 (1960). The decision-making process here involved is basically concerned with the resolution of disputed adjudicative facts, *i. e.*, "the facts about the parties and their activities, business, and properties." 1 *Davis, Administrative Law Treatise*, § 7.02 at 413 (1958); Davis, "The Requirement of a Trial-Type Hearing," 70 *Harv.L.Rev.* 193, 199 (1956).[8] It is, accordingly, entirely understandable why a trial-type hearing as required by the Administrative Procedure Act in a contested case becomes essential once the Commissioner determines that a hearing is "advisable."

■ We conclude, therefore, that the term "required," as used in *N.J.S.A.* 52:14B 2(b), quoted above, refers to any hearing which is held under the requirements of the applicable statute, here *N.J.S.A.* 17:9A 20(A), whether it is the only way or an alternative way of fulfilling those requirements.

■ The determination of the Commissioner under review is reversed. The matter is remanded to the Department, there to proceed as a contested case in accordance with the applicable provisions of the Administrative Procedure Act as amended and supplemented by the legislation establishing the Office of Administrative Law, with the hearing thereon to be presided over: (1) by the Commissioner "directly and individually", if he so determines; and if not, (2) by an administrative law judge

---

8See, also, 2 *Davis, Administrative Law Treatise* (2 ed.1979), § 12:3 at 413.

assigned by the Director of the Office of Administrative Law. We do not retain jurisdiction.